# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ, | Case No. 1:14-cv-01370 DLB PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| M. BITER, et al., | THIRTY-DAY DEADLINE |
| Defendants. | |

Plaintiff Guillermo Trujillo Cruz, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 2, 2014.[1] On January 9, 2015, Plaintiff filed a First Amended Complaint. Plaintiff then filed an amended complaint on March 9, 2015, which the Court construed as a Second Amended Complaint.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to

---

[1] Plaintiff consented to the jurisdiction of the Magistrate Judge on September 17, 2014.

state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

**II.   Discussion**

**A.   Allegations**

Plaintiff, who is currently incarcerated at Kern Valley State Prison in Delano, California, brings this action against Warden M. Biter for violating his rights under the United States Constitution.

Plaintiff alleges as follows. On January 1, 2014, Plaintiff contacted Defendant Biter through the Inmate/Parolee Request Interview Form 22 and explained to Defendant that male and female correctional officers had made verbal threats and sexually harassed him. Plaintiff explained that correctional officers were fomenting rumors of violence and constantly making verbal threats of getting unknown inmates to target Plaintiff and "get" him.

On July 21, 2014, Plaintiff filed a 602 grievance on behalf of an inmate, Mr. Hightower,

for interference with confidential legal mail.  On October 20, 2014, Plaintiff filed a 602 grievance on behalf an inmate, Mr. Romero, for false allegations.

On October 22, 2014, Correctional Officers removed him from Facility A, Building 7, Cell #208, for possession of an inmate manufactured deadly weapon.  Plaintiff alleges that the weapon had been planted in his blue state-issued clothing during an illegal strip search.  On that same date, Correctional Officer Fernandez and Sergeant Juarez assaulted Plaintiff by using their MK-9 pepper spray on him without justification or reason.  Also, Correctional Officer Gomez retaliated against Plaintiff by acting negligently and losing and damaging Plaintiff's personal property.  In addition, Plaintiff was subjected to an illegal strip search in the presence of female correctional officers that humiliated him.

Plaintiff claims Defendant Biter failed to protect him.  Plaintiff seeks compensatory damages from Defendant in the amount of $25,000.00, punitive damages in the amount of $25,000.00, and any other award the Court deems proper and just.

**B.     Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

Here, Plaintiff's complaint ails to set forth sufficient factual matter to state a claim for relief against Defendant Biter that is plausible on its face. Plaintiff's complaint is mostly conclusory and lacks basic facts.

**C.     Supervisory Liability**

Plaintiff appears to bring suit against Defendant Biter based on his role as supervisor. However, supervisory personnel may not be held liable under section 1983 for the actions of

3

subordinate employees based on *respondeat superior* or vicarious liability. *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013); *accord Lemire v. California Dep't of Corr. and Rehab.,* 726 F.3d 1062, 1074–75 (9th Cir. 2013); *Lacey v. Maricopa County*, 693 F.3d 896, 915–16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Crowley*, 734 F.3d at 977 (internal quotation marks omitted); *accord Lemire*, 726 F.3d at 1074–75; Lacey, 693 F.3d at 915–16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." *Crowley*, 734 F.3d at 977 (citing *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989)) (internal quotation marks omitted).

Plaintiff has not alleged that Defendant Biter was involved in the offensive acts or that he initiated a deficient policy.

### D.     Failure to Protect

Plaintiff claims Defendant Biter failed to protect him from harm.  The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832–33, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (quotations omitted).

Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. *Farmer*, 511 U.S. at 833; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir.2005). A prison official may be held liable under the Eighth Amendment "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer,* 511 U.S. at 847. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id*. at 837.

Here, Plaintiff has failed to state a cognizable claim for failure to protect against Defendant

Biter.  Although Plaintiff alleges that he contacted Defendant by submitting an Inmate/Parolee Request Interview Form 22 on January 1, 2014, regarding verbal threats and harassment by correctional officers, there is no indication that Defendant Biter knew of and disregarded any risk of harm to Plaintiff from assault on October 22, 2014.  Plaintiff has not provided any allegations suggesting that Defendant Biter received the Request for Interview form, that he disregarded any particular risk of harm from unidentified threats or harassment by Correctional Officer Fernandez, Sergeant Juarez, and Correctional Officer Gomez, or that there was any causal link between the harassment and the assault.  Indeed, Plaintiff's alleges that he advised Defendant Biter of verbal threats by correctional officers that they would have unidentified inmates target or "get" him, not that correctional officers would themselves assault him.

### E.     Conspiracy Claim

Finally, Plaintiff alleges Defendant Biter was involved in a conspiracy to violate his constitutional rights.  To state a claim for conspiracy under section 1983, Plaintiff must show the existence of an agreement or a meeting of the minds to violate his constitutional rights, and an actual deprivation of those constitutional rights.  *Avalos v. Baca*, 596 F.3d 583, 592 (9th Cir. 2010); *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001).  Here, Plaintiff has not stated any viable claims for relief and he has not alleged any facts supporting the existence of a conspiracy involving Defendant Biter.

### III.    Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983 against Defendant Biter.  The Court will provide Plaintiff with an opportunity to file a Third Amended Complaint.  *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez*, 203 F.3d at 1130; *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  However, Plaintiff may not change the nature of this suit by adding new, unrelated claims in her amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the mere theory of

*respondeat superior*, *Iqbal*, 556 U.S. at 676-77; *Starr v. Baca*, 652 F.3d 1202, 1205-07 (9th Cir. 2011).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's Second Amended Complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a Third Amended Complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.

IT IS SO ORDERED.

Dated: __**January 29, 2016**__                    /s/ *Dennis L. Beck*
                                                   UNITED STATES MAGISTRATE JUDGE