1

2

3

4

5

6

7

8 UNITED STATES DISTRICT COURT

9 EASTERN DISTRICT OF CALIFORNIA

10

11 GUILLERMO TRUJILLO,               1:14-cv-01370-EPG-PC

12         Plaintiff,                <u>ORDER FINDING COGNIZABLE CLAIMS</u>
                                     <u>AND DISMISSING OTHERS</u>

13      vs.                          ORDER FOR PLAINTIFF TO EITHER:

14 M. BITER, et al.,                     (1)  NOTIFY THE COURT THAT HE IS
                                     WILLING TO PROCEED ONLY ON THE
15         Defendants.               CLAIMS FOUND COGNIZABLE BY THE
                                     COURT AND FOR EXCESSIVE FORCE IN
16                                   VIOLATION OF THE EIGHTH
                                     AMENDMENT BY GOMEZ, JUAREZ AND
17                                   FERNANDEZ;

18                                   OR

19                                       (2)  NOTIFY THE COURT THAT HE
                                     DOES NOT WISH TO PROCEED ON THESE
20                                   CLAIMS

21                                   (ECF No. 17)

22                                   THIRTY-DAY DEADLINE

23

24         Guillermo Trujillo ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights

25 action pursuant to 42 U.S.C. § 1983.  Now before the Court for screening is Plaintiff's Third

26 Amended Complaint, dated February 16, 2016.  (ECF No. 17)[1]

27 _____

28    [1]  On September 17, 2014, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to
28 U.S.C. § 636(c), and no other parties have made an appearance.  (ECF No. 5.)  Therefore, pursuant to Appendix

## I.      SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, Courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  While factual allegations are accepted as true, legal conclusions are not.  Id.  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

## I.      SUMMARY OF THIRD AMENDED COMPLAINT

Plaintiff's Third Amended Complaint (TAC) alleges that on December 23, 2013, Plaintiff was confined at Kern Valley State Prison (KVSP) when prison officials started harassing and fomenting rumors of "getting" Plaintiff, and targeting him because Plaintiff had

A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

filed 602 grievances, which were never logged and were returned to Plaintiff.

On January 1, 2014, Plaintiff personally contacted Defendant M. Biter, warden of KVSP, and asked him to stop his coworkers from constantly verbally harassing Plaintiff and fomenting rumors and violence against him.

On October 22, 2014, Plaintiff went to school and told Officer Gomez that Plaintiff needed to get his legal copies of a motion to file with the courts. On Plaintiff's way back to the building from class due to not feeling well, Plaintiff stopped at the law library for legal copies. On the way back from the law library, Officer Gomez approached Plaintiff from behind and asked if Plaintiff was going to school. Plaintiff responded no. Officer Gomez became very upset and slammed Plaintiff against the concrete wall next to the library outside window, face-first, and twisted his arms to place them in restraints. Plaintiff felt pain on the left side of his face and his shoulders.

Officer Gomez told Plaintiff to go to the facility program holding cell area for a strip search. Plaintiff complied. After the search and still naked inside the holding cage, Officers Juarez and Fernandez took out their pepper spray and sprayed Plaintiff for 4 to 5 seconds. Plaintiff believes the officers used force out of retaliation and harassment.

Defendant Biter failed to correct and remand his coworkers for their excessive force. Defendant Biter refused to reprimand officials' actions when Plaintiff filed his complaints.

Plaintiff alleges violations of his First, Eighth, and Fourteenth Amendment rights.

Plaintiff's Third Amended Complaint only named Defendant Biter in the list of defendants. At times, when Plaintiff discusses Officer Gomez, he refers to him as "Defendant Gomez." Plaintiff never indicates in his complaint that Sergeant Juarez or Fernandez were meant to be included as Defendants.

## II. EVALUATION OF PLAINTIFF'S THIRD AMENDED COMPLAINT

The Civil Rights Act under which this action was filed provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities

secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law").  A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'"  Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms."  Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743).  This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause."  Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

## A. EXCESSIVE FORCE IN VIOLATION OF THE EIGHTH AMENDMENT

The Eighth Amendment prohibits those who operate our prisons from using "excessive physical force against inmates." Farmer v. Brennan, 511 U.S. 825 (1994); Hoptowit v. Ray, 682 F.2d 1237, 1246, 1250 (9th Cir. 1982) (prison officials have "a duty to take reasonable steps to protect inmates from physical abuse"); see also Vaughan v. Ricketts, 859 F.2d 736, 741

(9th Cir. 1988), cert. denied, 490 U.S. 1012 (1989) ("prison administrators' indifference to brutal behavior by guards toward inmates [is] sufficient to state an Eighth Amendment claim"). As courts have succinctly observed, "[p]ersons are sent to prison as punishment, not *for* punishment." Gordon v. Faber, 800 F.Supp. 797, 800 (N.D. Iowa 1992) (citation omitted), *aff'd,* 973 F.2d 686 (8th Cir. 1992). "Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.' " Farmer, 511 U.S. at 834, 114 S.Ct. at 1977 (quoting Rhodes, 452 U.S. at 347).

Plaintiff's Third Amended Complaint states a claim against Officers Gomez, Juarez and Fernandez for excessive force in violation of the Eighth Amendment.   Taking Plaintiff's allegations as true and liberally construing them in Plaintiff's favor, Plaintiff alleges that Gomez, Juarez and Fernandez used unprovoked force against Plaintiff when Gomez slammed Plaintiff against the wall and twisted his arms, and then when Juarez and Fernandez sprayed Plaintiff with pepper spray.

It is not clear from Plaintiff's Third Amended Complaint whether he intended to name Gomez, Juarez and Fernandez as defendants in this case.  Plaintiff only names Defendant Biter in the section discussing defendants.  The Court asks Plaintiff to state whether he intends to pursue Gomez, Juarez and Fernandez for this excessive force claim, and if so to include all identifying information he knows about them including full name, title, and location if known.

Plaintiff also alleges an Eighth Amendment excessive force claim against Defendant Biter, as warden, in his supervisory capacity for failing to prevent this excessive force.  As was explained in the prior screening order in this case:

> [S]upervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on *respondeat superior* or vicarious liability. *Crowley v. Bannister,* 734 F.3d 967, 977 (9th Cir. 2013); *accord Lemire v. California Dep't of Corr. and Rehab.,* 726 F.3d 1062, 1074–75 (9th Cir. 2013); *Lacey v. Maricopa County,* 693 F.3d 896, 915–16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Crowley,* 734 F.3d at 977 (internal quotation marks omitted); *accord Lemire,* 726 F.3d at 1074–75; Lacey, 693 F.3d at 915–16. "Under the latter theory, supervisory liability exists even without overt personal participation in the

offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." *Crowley*, 734 F.3d at 977 (citing *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989)) (internal quotation marks omitted).

(ECF No. 16, p. 3-4).   Here, Plaintiff's allegations against Defendant Biter are based on his inadequate supervision of his staff.   There are no allegations that Defendant Biter himself used excessive force, or authorized or otherwise contributed directly to Gomez, Juarez and Fernandez's use of force.   Accordingly, Plaintiff fails to state a claim for violation of the Eighth Amendment against Defendant Biter.

**B.  RETALIATION IN VIOLATION OF THE FIRST AMENDMENT**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Silva, 658 at 1104; Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff repeatedly asserts that the officers assaulted him because he filed 602 grievances.  However, Plaintiff fails to set forth any specific factual allegations supporting this conclusion.  He does not allege that the officers said anything to indicate that their assault was in retaliation for Plaintiff filing grievances, or that the assault happened closely in time to the 602 grievances.  In reviewing a complaint, the court must (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiffs' favor. See Neitzke, 490 U.S. at 327; Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von

1  |  Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010); Hebbe

2  |  v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010).  However, the court need not accept as true, legal

3  |  conclusions cast in the form of factual allegations.  See Western Mining Council v. Watt, 643

4  |  F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.),

5  |  as amended, 275 F.3d 1187 (2001).

6  |        Because Plaintiff's statements that these actions were done in retaliation are legal

7  |  conclusions case in the form of factual allegations, the Court need not accept them in

8  |  determining whether Plaintiff states a claim for retaliation.  Without specific facts indicating

9  |  that Defendants were acting out of retaliation, the Court finds that Plaintiff fails to state a claim

10 |  for retaliation in violation of the Eighth Amendment.

11 |  **C.  LACK OF DUE PROCESS IN VIOLATION OF THE FOURTEENTH**

12 |  **AMENDMENT**

13 |        Prisoners have a right under the First and Fourteenth Amendments to litigate claims

14 |  challenging their sentences or the conditions of their confinement without direct interference

15 |  from prison officials.  Lewis v. Casey, 518 U.S. 343, 350 (1996); Silva v. Di Vittorio, 658 F.3d

16 |  1090, 1103 (9th Cir. 2011); Bounds v. Smith, 430 U.S. 817, 824–25 (1977).  However, the

17 |  right of access is merely the right to bring to court a grievance the inmate wishes to present,

18 |  and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Lewis, 518

19 |  U.S. at 354.  To claim a violation of this right, a plaintiff must show that he has suffered an

20 |  actual injury as a result of the alleged interference.  Christopher v. Harbury, 536 U.S. 403, 415

21 |  (2002); Lewis, 518 U.S. at 351. In other words, he must be able to show that the deprivation

22 |  has directly impacted the relevant litigation in a manner adverse to him.  Id. at 348 (defining

23 |  "actual injury" as "actual prejudice with respect to contemplated or existing litigation, such as

24 |  the inability to meet a filing deadline or to present a claim").

25 |        Defendants' actions in responding to Plaintiff's appeals, alone, cannot give rise to any

26 |  claims for relief under section 1983 for violation of due process. "[A prison] grievance

27 |  procedure is a procedural right only, it does not confer any substantive right upon the inmates."

28 |  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F.

Supp. 8, 10 (N.D. Ill. 1982)); <u>see also</u> <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); <u>Massey v. Helman</u>, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." <u>Azeez</u>, 568 F. Supp. at 10; <u>Spencer v. Moore</u>, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Plaintiff has alleged that his 602 grievances regarding the force incident and other harassment were not properly addressed by the prison. However, he does not allege that he was prejudiced in his ability to pursue litigation as a result. Plaintiff's complaints regarding the grievance procedure do not state a constitutional claim.

## III.   CONCLUSION AND ORDER

The Court has screened Plaintiff's Third Amended Complaint and finds that it states cognizable claims against Gomez, Juarez and Fernandez for violation of the Eighth Amendment due to excessive force. The Court finds that Plaintiff's Third Amended Complaint fails to state any other cognizable claims or claims against any other Defendants.

All other claims and defendants are dismissed. This is Plaintiff's Fourth complaint and Plaintiff has failed to state any other cognizable claims. The Court previously dismissed Plaintiff's complaint with leave to amend, including explanation of the relevant legal analysis. The Court finds that it would be futile to allow further amendment.

Given the ambiguity in Defendants' Third Amended Complaint, the Court orders Plaintiff to notify the Court within 30 days whether he wishes to go forward with the cognizable claims for excessive force against Gomez, Juarez and Fernandez. If he does, Plaintiff shall include any identifying information he knows regarding those three individuals, including their full names, titles, and locations to the extent known.

If Plaintiff wishes to pursue the excessive force claims against Gomez, Juarez and Fernandez, the Court will authorize service on those three individuals and go forward with the

case against them.  If Plaintiff does not wish to pursue those claims, the Court will dismiss Plaintiff's Third Amended Complaint in its entirety and close the case.

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that:

1. This Court finds that Plaintiff's Third Amended Complaint states cognizable claims against Officers Gomez, Juarez and Fernandez for excessive force in violation of the Eighth Amendment;

2. The Court finds that Plaintiff's Third Amended Complaint fails to state any other claims or any claims against any other defendants.  Any other claims are hereby dismissed with prejudice including all claims against Defendant Biter.

3. Within thirty days of the date of service of this order, Plaintiff is required to file a written response to the Court, <u>either</u>:

    (1) Notifying the Court that he is willing to proceed only on these claims found cognizable by the Court and providing any identifying information about Gomez, Juarez, and Fernandez;

    Or

    (2) Notifying the Court that he does not wish to pursue the claims for excessive force against Gomez, Juarez and Fernandez, in which case the Court will close this case.

3. Plaintiff's failure to comply with this order may result in the dismissal of this case for failure to comply with a court order and failure to prosecute.

IT IS SO ORDERED.

Dated:   **September 16, 2016**          /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE

9