# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO CRUZ TRUJILLO,<br><br>Plaintiff,<br><br>v.<br><br>GOMEZ, et al.,<br><br>Defendants. | Case No. 1:14-cv-01370-EPG (PC)<br><br>ORDER DENYING DEFENDANTS FERNANDEZ AND GOMEZ'S MOTION TO CONSOLIDATE PLEADINGS AND MOTION TO STAY<br>(ECF NO. 40) |

Guillermo Trujillo ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.   The Court screened Plaintiff's Third Amended Complaint pursuant to 28 U.S.C. § 1915A and found cognizable claims.  (ECF No. 19). On January 9, 2017, Defendants Fernandez and Gomez ("Defendants") filed an answer.  (ECF No. 34).  On January 20, 2017, Defendants filed a motion to consolidate pleadings and a motion to stay discovery until the Court rules on the motion to consolidate pleadings.  (ECF No. 40). These motions are now before the Court.  Both motions will be denied.

Defendants request that this case be consolidated with Trujillo v. Gomez (Gomez), E.D. Cal. No. 1:14-CV-01797-DLB ("Trujillo 2").  Defendants assert that both cases contain the same claims of excessive force against Defendants Gomez, Juarez, and Fernandez.  According to Defendants, Trujillo 2 was resolved at summary judgment, based on Plaintiff's failure to exhaust his administrative remedies.

"If actions before the court involve a common question of law or fact, the court may consolidate the actions."  Fed. R. Civ. P. 42(a)(2).  Consolidation may be ordered on the motion of any party or on the court's own motion whenever it reasonably appears that consolidation would aid in the efficient and economic disposition of a case.  See In re Air Crash Disaster at

1

<u>Florida Everglades on December 29, 1972</u>, 549 F.2d 1006 (5th Cir. 1977).  The grant or denial of a motion to consolidate rests in the district court's sound discretion, and is not dependent on party approval.  <u>Investors Research Co. v. United States Dist. Ct.</u>, 877 F.2d 777 (9th Cir. 1989).  In determining whether to consolidate actions, the court weighs the interest of judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation.  <u>Southwest Marine, Inc., v. Triple A. Mach. Shop, Inc.</u>, 720 F. Supp. 805, 807 (N.D. Cal. 1989).

Even if Defendants' assertions are true, consolidation is not appropriate at this time.  While this case and <u>Trujillo 2</u> may involve a common question of law or fact, their current procedural postures are too different to warrant consolidation.  This case is still in the early stages (Defendants' answer was filed on January 9, 2017 (ECF No. 34)), while <u>Trujillo 2</u> is closed (<u>Trujillo 2</u>, ECF Nos. 44, 49, & 50) and is currently on appeal (<u>Trujillo 2</u>, ECF Nos. 51 & 52).  Consolidation would not allow this case to proceed in an efficient manner.

The Court's ruling is without prejudice to other applicable motions regarding the two cases.  If a dispositive issue has already been determined in another case, Defendants may, for example, file a motion for summary judgment based on collateral estoppel.[1]

As the Court is now ruling on Defendants' motion to consolidate pleadings, the Court will deny Defendants' motion to stay discovery until the Court rules on the motion to consolidate pleadings as moot.

Accordingly, based on the foregoing, IT IS ORDERED that Defendants' motion to consolidate pleadings and motion to stay discovery until the Court rules on the motion to consolidate pleadings (ECF No. 40) are DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **January 23, 2017**                    /s/ _Erica P. Groj_
                                              UNITED STATES MAGISTRATE JUDGE

---

[1] At this time the Court is not making a determination on the merits of a motion for summary judgment based on collateral estoppel.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28