# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO CRUZ TRUJILLO,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>GOMEZ, et al.,<br><br>　　　　　Defendants. | 1:14-cv-01370-LJO-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANTS' MOTION FOR ORDER REQUIRING PLAINTIFF TO POST SECURITY UNDER LOCAL RULE 151(b) BE DENIED<br><br>(ECF NO. 58)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

## I.　　BACKGROUND

Guillermo Trujillo ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. This case now proceeds on Plaintiff's Third Amended Complaint (ECF No. 17) against defendants Gomez, Juarez, and Fernandez for excessive force in violation of the Eighth Amendment. (ECF Nos. 19, 20, & 21).

On February 13, 2017, defendants Gomez and Fernandez filed a motion for order requiring Plaintiff to post security on the ground that Plaintiff qualifies as a vexatious litigant under California rules ("the Motion"). (ECF No. 58). Defendants ask the Court to declare Plaintiff a vexatious litigant under California Code of Civil Procedure section 391(b)(1) and require him to post security. (ECF No. 58-1). Defendants acknowledge that the federal standard is different than the California state standard for vexatious litigants (Id. at p. 2), but argue that this District's local rules allow the Court to follow California, rather than federal, law. Defendants do not make any argument that Plaintiff is a vexatious litigant under the

federal standard.  Plaintiff did not file a response.

## II.     LEGAL STANDARDS

The All Writs Act, 28 U.S.C. § 1651, gives the Court the inherent power to enter pre-filing orders against vexatious litigants. De Long v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990); Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007).  The Court has inherent power to sanction parties or their attorneys for improper conduct. Chambers v. Nasco, Inc., 501 U.S. 32, 43-46 (1991); Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980); Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001).  The imposition of sanctions under the court's inherent authority is discretionary.  Air Separation, Inc. v. Underwriters at Lloyd's of London, 45 F.3d 288, 291 (9th Cir. 1995).  The Court's "inherent power 'extends to a full range of litigation abuses.'"  Fink, 239 F.3d at 992 (quoting Chambers, 501 U.S. at 46-47). However, such pre-filing orders are an extreme remedy and should rarely be used since such sanctions can tread on a litigant's due process right of access to the courts.  Molski, 500 F.3d at 1057.

Under Ninth Circuit precedent, in order to sanction a litigant under the court's inherent powers, the court must make a specific finding of "bad faith or conduct tantamount to bad faith."  Fink, 239 F.3d at 994.  Although mere recklessness is insufficient to support sanctions under the court's inherent powers, "recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose" is sufficient. Id. at 993-94.  A litigant may be sanctioned for acting for an improper purpose, even if the act was "a truthful statement or non-frivolous argument or objection." Id. at 992.  "[I]nherent powers must be exercised with restraint and discretion."  Chambers, 501 U.S. at 44.

Under federal law, litigiousness alone is insufficient to support a finding of vexatiousness.  See Moy v. United States, 906 F.2d 467, 470 (9th Cir. 1990) (the plaintiff's claims must not only be numerous, but also be patently without merit).  The focus is on the number of suits that were frivolous or harassing in nature rather than on the number of suits that were simply adversely decided.  See De Long, 912 F.2d at 1147-48 (before a district court issues a pre-filing injunction against a pro se litigant, it is incumbent on the court to make

substantive findings as to the frivolous or harassing nature of the litigant's actions).  The Ninth Circuit has defined vexatious litigation as "without reasonable or probable cause or excuse, harassing, or annoying."  Microsoft Corp. v. Motorola, Inc., 696 F.3d 872, 886 (9th Cir. 2012).  For these reasons, the mere fact that a plaintiff has had numerous suits dismissed against him is an insufficient ground upon which to make a finding of vexatiousness under Ninth Circuit precedent.

Under California law, in contrast, a vexatious litigant is one who "[i]n the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in small claims court that have been . . . finally determined adversely to the person…."  Cal. Civ. Proc. Code § 391(b)(1).  Under the law of the State of California, "a defendant may move the court, upon notice and hearing, for an order requiring the plaintiff to furnish security…."  Cal. Civ. Proc. Code § 391.1.

Eastern District of California Local Rule 151(b) states: "On its own motion or on motion of a party, the Court may at any time order a party to give a security, bond, or undertaking in such amount as the Court may determine to be appropriate.  The provisions of Title 3A, part 2, of the California Code of Civil Procedure, relating to vexatious litigants, are hereby adopted as a procedural Rule of this Court on the basis of which the Court may order the giving of a security, bond, or undertaking, although the power of the Court shall not be limited thereby."  It is not clear to this Court to what extent Local Rule 151(b) is an attempt to alter the federal standard as set forth in Ninth Circuit precedent.  The Court notes that it is expressly a procedural rule, and does not purport to change substantive law regarding the determination of vexatiousness.  As one Court in this jurisdiction explained, federal substantive law regarding who is a vexatious litigant is still binding on this Court:

> Both this court's local rule and Ninth Circuit decisions demonstrate that the court looks to federal law, not state law, to define a vexatious litigant. "The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants. However, such pre-filing orders are an extreme remedy that should rarely be used." Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007)

> Local Rule 151(b) prescribes that the procedure in California's vexatious litigant law is considered when determining whether to require a party to provide security before proceeding with an action.
>
> . . .
>
> The Ninth Circuit has held that "orders restricting a person's access to the courts must be based on adequate justification supported in the record and narrowly tailored to address the abuse perceived." DeLong v. Hennessey, 912 F.2d 1144, 1149 (9th Cir. 1990). Before issuing such an order, a court must "make 'substantive findings as to the frivolous or harassing nature of the litigant's actions.' " Id. at 1148 (quoting In re Powell, 851 F.2d 427, 441 (D.C. Cir. 1988)); see also Moy v. United States, 906 F.2d 467, 470 (9th Cir. 1990) ("plaintiff's claims must not only be numerous, but also be patently without merit"). "To make such a finding, the district court needs to look at 'both the number and content of the filings as indicia' of the frivolousness of the litigant's claims." DeLong, 912 F.2d at 1148. Defendant has not shown that plaintiff's litigation history warrants the conclusion that a vexatious litigant order should issue.

Smith v. Officer Sergent, 2016 WL 6875892, at *2 (E.D. Cal., Nov. 21, 2016); see also Cranford v. Crawford, 2016 WL 4536199, at *3 (E.D. Cal., Aug. 31, 2016) ("As stated, the state statutory definition of vexatiousness is not enough to find a litigant vexatious in federal court."); Goolsby v. Gonzales, 2014 WL 2330108, at *1–2 (E.D. Cal., May 29, 2014) report and recommendation adopted 2014 WL 3529998 (E.D. Cal., July 15, 2014) ("Under federal law, however, the criteria under which a litigant may be found vexatious is much narrower. While Local Rule 151(b) directs the Court to look to state law for the *procedure* in which a litigant may be ordered to furnish security, this Court looks to federal law for the definition of vexatiousness, and under federal law, the standard for declaring a litigant vexatious is more stringent. . . . [T]he mere fact that a plaintiff has had numerous suits dismissed against him is an insufficient ground upon which to make a finding of vexatiousness.").

Moreover, even under California case law:

> Any determination that a litigant is vexatious must comport with the intent and spirit of the vexatious litigant statute. The purpose of which is to address the problem created by the persistent and obsessive litigant who constantly has pending a number of groundless actions and whose conduct causes serious financial results to the unfortunate objects of his or her attacks and places an unreasonable burden on the courts.

Morton v. Wagner, 156 Cal.App.4th 963, 970-71 (Cal. App. 2007).

\\\

### A. **Discussion**

Defendants argue that Plaintiff qualifies as a vexatious litigant because he has initiated and lost at least five *in propia persona* actions in the last seven years. (ECF No. 58-1, p. 3). Defendants ask the Court to take judicial notice of the following prior litigation of Plaintiff: 1) Trujillo v. Gonzalez-Moran, E.D. Cal. No. 1:16-CV-01938-BAM, which was dismissed after the court denied Plaintiff's application to proceed in forma pauperis (ECF No. 59, Exh. A); 2) Trujillo v. Munoz, E.D. Cal. No. 1:14-CV-01215-SAB, which was dismissed for failure to state a claim (ECF No. 59, Exh. B); 3) Trujillo v. Munoz, E.D. Cal. No. 1:14-CV-00976-EPG, which was dismissed for failure to state a claim (ECF No. 59, Exh. C); 4) Trujillo v. Ruiz, E.D. Cal. No. 1:14-CV-00975-SAB, which was dismissed for failure to state a claim (ECF No. 59, Exh. D); 5) Trujillo v. Gomez, E.D. Cal. No. 1:14-CV-01797-DAD, which was dismissed for failure to exhaust (ECF No. 59, Exh. E); and 6) Trujillo v. Sherman, E.D. Cal. No. 1:14-CV-01401-BAM, which was dismissed for failure to state a claim (ECF No. 59, Exh. F).

Defendants do not argue that Plaintiff meets the federal standard for a vexatious litigant. Indeed, defendants do not make any argument regarding the frivolousness, or lack thereof, of Plaintiff's prior cases or this case.

Based on the information currently before the Court, the Court recommends not declaring Plaintiff a vexatious litigant under federal law. In order to sanction a litigant under the court's inherent powers, the Court must make a specific finding of "bad faith or conduct tantamount to bad faith." Fink, 239 F.3d at 994. Here, defendants have not alleged, and the Court cannot make a specific finding, of bad faith. In the cases cited above, one was dismissed for failure to exhaust administrative remedies. This dismissal, without more, does not demonstrate that Plaintiff filed the case with a malicious or vexatious intent. Nor does having a case dismissed because Plaintiff could not afford to pay the filing fee. In fact, that case was dismissed without prejudice to Plaintiff refiling the case, so long as he paid the filing fee. (ECF No. 59, Exh. A). This leaves only four previous cases that were dismissed for failure to state a claim. While having cases dismissed for failure to state a claim could demonstrate bad faith, four dismissals, without more, is not enough to demonstrate that Plaintiff is filing cases in bad

faith.

Accordingly, defendants have failed to meet their burden to demonstrate that Plaintiff is a vexatious litigant under the applicable legal standards. To the extent that defendants interpret Local Rule 151(b) as overruling Ninth Circuit precedent, this Court does not recommend adopting defendants' interpretation. Since defendants have failed to make a threshold showing that Plaintiff is a vexatious litigant under federal law, the Court declines to address defendants' argument that Plaintiff is not likely to succeed on the merits in this case.

Based on the foregoing, the Court recommends denying the Motion without prejudice. The Court also recommends doing so without prejudice so that defendants may choose to file a motion requesting that Plaintiff be declared a vexatious litigant consistent with the standards that apply in this case, as discussed above. Because defendants have not specifically argued that Plaintiff is a bad faith litigant under federal law the Court does not comment on the merits of such a motion.

### III. CONCLUSION AND RECOMMENDATION

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that the Motion be DENIED, without prejudice to defendants filing another motion for order requiring Plaintiff to post security that is consistent with the legal standards discussed above.

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **twenty-one (21) days** after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections.

\\\
\\\
\\\
\\\

The parties are advised that failure to file objections within the specified time may waive the right to appeal the order of the District Court. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

    Dated: **March 21, 2017**  /s/ Erica P. Grosjean
                                                                               UNITED STATES MAGISTRATE JUDGE