# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO CRUZ TRUJILLO,<br><br>    Plaintiff,<br><br>    v.<br><br>GOMEZ, et al.,<br><br>    Defendants. | 1:14-cv-01370-LJO-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br>(ECF. NOS. 58 & 65) |

Guillermo Trujillo ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. This case now proceeds on Plaintiff's Third Amended Complaint (ECF No. 17) against defendants Gomez, Juarez, and Fernandez ("Defendants") for excessive force in violation of the Eighth Amendment. (ECF Nos. 19, 20, & 21). The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 13, 2017, defendants Gomez and Fernandez filed a motion for order requiring Plaintiff to post security under Local Rule 151(b) ("the Motion") on the ground that Plaintiff qualifies as a vexatious litigant under California rules. (ECF No. 58). Plaintiff did not file a response.

On March 22, 2017, Magistrate Judge Erica P. Grosjean entered findings and recommendations, recommending the Motion be denied. (ECF No. 65). The findings and recommendations concluded that, although Local Rule 151(b) explicitly adopts the rules set

1

forth in the California Code of Civil Procedure for determining whether litigants, including those deemed vexatious, may be ordered to give a security, the court is still constrained by the narrower federal standard for determining whether a litigant is vexatious. Defendants do not argue that Plaintiff is a vexatious litigant under the federal standard.

The parties were provided an opportunity to file objections to the findings and recommendations within twenty-one days. Defendants objected to the findings and recommendations. (ECF No. 66). Defendants argue that the Magistrate Judge erroneously applied the federal standard, which requires a showing of bad faith or frivolousness before a litigant is deemed vexatious, rather than the state standard adopted by Local Rule 151(b), which defines a vexatious litigant as one who "in the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations . . . that have been finally determined adversely to the person." (ECF No. 66 at 3 (citing Cal. Civ. Proc. Code § 391(b)(3)). Plaintiff also objected to the findings and recommendations, although he appears to be opposing the substance of Defendants' motion and objecting to its being denied without prejudice. (ECF No. 67).

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis.

The central question here is whether courts in this district look to federal or state law in determining whether a litigant qualifies as vexatious such that they may be required to post bond. Federal courts' power to enter pre-filing orders against vexatious litigants is derived from the All Writs Act, 28 U.S.C. § 1651. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). Under federal law, such a pre-filing order is an extreme remedy and should rarely be used since such sanction can tread on a litigant's due process right of access to the courts. *Id.* The Ninth Circuit has held that the court must make a specific finding of "bad faith or conduct tantamount to bad faith" prior to imposing pre-filing sanctions against a vexatious litigant. *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001). Ninth Circuit precedent

interpreting the parameters of courts' power under the All Writs Act is binding upon this Court. Although the local rules set the procedures for ordering a litigant to post security, this Court cannot interpret the local rules to exceed the Court's power under federal law.

Accordingly, THE COURT HEREBY ORDERS that:

1. The findings and recommendations issued by the magistrate judge on March 22, 2017, are ADOPTED in full;
2. The Motion is DENIED, without prejudice to Defendants filing another motion for an order requiring Plaintiff to post security that is consistent with the federal standards for determining whether a litigant is vexatious; and
3. This case is referred back to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **May 25, 2017**          /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE