# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO CRUZ TRUJILLO,<br><br>    Plaintiff,<br><br>v.<br><br>GOMEZ, et al.,<br><br>    Defendants. | Case No. 1:14-cv-01370-LJO-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE DENIED<br><br>(ECF NOS. 81 & 82)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

## I. BACKGROUND

Guillermo Trujillo ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

This action is proceeding on Plaintiff's Third Amended Complaint ("TAC") on Plaintiff's claims against Gomez, Juarez, and Fernandez for excessive force in violation of the Eighth Amendment. (ECF Nos. 17, 19, & 20).[1]

On August 11, 2017, Defendants filed a motion for summary judgment on the grounds that Plaintiff failed to exhaust his administrative remedies. (ECF Nos. 81 & 82). On August 21, 2017, Plaintiff filed a notice stating that he filed his opposition to the motion in July of 2017. (ECF No. 83). It appears that Plaintiff was referring to the "motion to squash Defendants' motion for summary judgment for non-exhaustion" that he filed on July 5, 2017

---

[1] The Court has issued findings and recommendations, recommending that all other claims and defendants be dismissed. (ECF No. 89, p. 8).

1

(ECF No. 79). On September 8, 2017, Plaintiff filed a motion for an extension of time to file an opposition to Defendants' motion for summary judgment (ECF No. 85), which the Court granted (ECF No. 86). On September 18, 2017, Plaintiff filed an opposition to Defendants' motion for summary judgment. (ECF No. 87). On September 25, 2017, Defendants filed their reply. (ECF No. 88).

Defendants' motion for summary judgment is now before the Court. After consideration of all the materials presented, as well as the applicable law, the Court will recommend denying the motion for summary judgment because there is a genuine dispute of material fact regarding whether Plaintiff properly filed grievances that prison officials improperly failed to process. The Court will also recommend giving Defendants the opportunity to request an evidentiary hearing on the disputed facts.

## II. LEGAL STANDARDS

### A. Exhaustion

"The California prison grievance system has three levels of review; an inmate exhausts administrative remedies by obtaining a decision at each level." Reyes v. Smith, 810 F.3d 654, 657 (9th Cir. 2016) (citing Cal.Code Regs. tit. 15, § 3084.1(b) (2011) & Harvey v. Jordan, 605 F.3d 681, 683 (9th Cir. 2010)). See also Cal. Code Regs. tit. 15, § 3084.7(d)(3) ("The third level review constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation on an appeal, and shall be conducted by a designated representative under the supervision of the third level Appeals Chief or equivalent. The third level of review exhausts administrative remedies….").

Section 1997e(a) of the Prison Litigation Reform Act of 1995 (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam). "If, however, a plaintiff files an amended complaint adding new

claims based on conduct that occurred after the filing of the initial complaint, the plaintiff need only show that the new claims were exhausted before tendering the amended complaint to the clerk for filing." Akhtar v. Mesa, 698 F.3d 1202, 1210 (9th Cir. 2012) (citing Rhodes v. Robinson, 621 F.3d 1002, 1007 (9th Cir. 2010).

The exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 534 U.S. 516, 532 (2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, unless "the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint." Booth v. Churner, 532 U.S. 731, 736, 741 (2001); Ross v. Blake, 136 S.Ct. 1850, 1857, 1859 (June 6, 2016).

An untimely or otherwise procedurally defective appeal will not satisfy the exhaustion requirement. Woodford v. Ngo, 548 U.S. 81, 90-91 (2006). However, "a prisoner exhausts 'such administrative remedies as are available,' 42 U.S.C. § 1997e(a), under the PLRA despite failing to comply with a procedural rule if prison officials ignore [a] procedural problem and render a decision on the merits of the grievance at each available step of the administrative process." Reyes, 810 F.3d at 658.

"Under the PLRA, a grievance 'suffices if it alerts the prison to the nature of the wrong for which redress is sought.' Sapp v. Kimbrell, 623 F.3d 813, 824 (9th Cir.2010) (quoting Griffin, 557 F.3d at 1120). The grievance 'need not include legal terminology or legal theories,' because '[t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation.' Griffin, 557 F.3d at 1120. The grievance process is only required to 'alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued.' Jones, 549 U.S. at 219, 127 S.Ct. 910 (citations omitted)." Reyes, 810 F.3d at 659.

As discussed in Ross, 136 S.Ct. at 1862, there are no "special circumstances" exceptions to the exhaustion requirement. The one significant qualifier is that "the remedies must indeed be 'available' to the prisoner." Id. at 1856. The Ross Court described this qualification as follows:

[A]n administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates. See 532 U.S., at 736, 738, 121 S.Ct. 1819. Suppose, for example, that a prison handbook directs inmates to submit their grievances to a particular administrative office—but in practice that office disclaims the capacity to consider those petitions. The procedure is not then "capable of use" for the pertinent purpose. In *Booth* 's words: "[S]ome redress for a wrong is presupposed by the statute's requirement" of an "available" remedy; "where the relevant administrative procedure lacks authority to provide any relief," the inmate has "nothing to exhaust." *Id.,* at 736, and n. 4, 121 S.Ct. 1819. So too if administrative officials have apparent authority, but decline ever to exercise it. Once again: "[T]he modifier 'available' requires the possibility of some relief." *Id.,* at 738, 121 S.Ct. 1819. When the facts on the ground demonstrate that no such potential exists, the inmate has no obligation to exhaust the remedy.

Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use. In this situation, some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it. As the Solicitor General put the point: When rules are "so confusing that ... no reasonable prisoner can use them," then "they're no longer available." Tr. of Oral Arg. 23. That is a significantly higher bar than CRIPA established or the Fourth Circuit suggested: The procedures need not be sufficiently "plain" as to preclude any reasonable mistake or debate with respect to their meaning. See § 7(a), 94 Stat. 352; 787 F.3d, at 698–699; *supra,* at 1855, 1857 – 1859. When an administrative process is susceptible of multiple reasonable interpretations, Congress has determined that the inmate should err on the side of exhaustion. But when a remedy is, in Judge Carnes's phrasing, essentially "unknowable"—so that no ordinary prisoner can make sense of what it demands—then it is also unavailable. See *Goebert v. Lee County,* 510 F.3d 1312, 1323 (C.A.11 2007); *Turner v. Burnside,* 541 F.3d 1077, 1084 (C.A.11 2008) ("Remedies that rational inmates cannot be expected to use are not capable of accomplishing their purposes and so are not available"). Accordingly, exhaustion is not required.

And finally, the same is true when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation. In *Woodford,* we recognized that officials might devise procedural systems

> (including the blind alleys and quagmires just discussed) in order to "trip[ ] up all but the most skillful prisoners." 548 U.S., at 102, 126 S.Ct. 2378. And appellate courts have addressed a variety of instances in which officials misled or threatened individual inmates so as to prevent their use of otherwise proper procedures. As all those courts have recognized, such interference with an inmate's pursuit of relief renders the administrative process unavailable. And then, once again, § 1997e(a) poses no bar.

Id. at 1859–60.

"When prison officials improperly fail to process a prisoner's grievance, the prisoner is deemed to have exhausted available administrative remedies." Andres v. Marshall, 867 F.3d 1076, 1079 (9th Cir. 2017).

In a summary judgment motion for failure to exhaust, the defendants have the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Albino v. Baca ("Albino II"), 747 F.3d 1162, 1172 (9th Cir. 2014) (*en banc*). If the defendants carry that burden, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. However, "the ultimate burden of proof remains with the defendant." Id. "If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id. at 1166

If the Court concludes that Plaintiff has failed to exhaust as to some claims but not others, the proper remedy is dismissal of the claims barred by section 1997e(a). Jones, 549 U.S. at 223–24.

**B.      Summary Judgment**

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Albino II, 747 F.3d at 1169 ("If there is a genuine dispute about material facts, summary judgment will not be granted"). A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations,

5

stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials, or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

A party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). If the moving party moves for summary judgment on the basis that a material fact lacks any proof, the Court must determine whether a fair-minded fact-finder could reasonably find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [fact-finder] could reasonably find for the plaintiff."). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 322. "[C]onclusory allegations unsupported by factual data" are not enough to rebut a summary judgment motion. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989), citing Angel v. Seattle-First Nat'l Bank, 653 F.2d 1293, 1299 (9th Cir. 1981).

In reviewing a summary judgment motion, the Court may consider other materials in the record not cited to by the parties, but is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001). In judging the evidence at the summary judgment stage, the Court "must draw all reasonable inferences in the light most favorable to the nonmoving party." Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011). It need only draw inferences, however, where there is "evidence in the record… from which a reasonable inference… may be drawn"; the court need not entertain inferences that are unsupported by fact. Celotex, 477 U.S. at 330 n. 2 (quoting In re Japanese Electronic Products Antitrust

Litigation, 723 F.2d 238, 258 (1983)).

### III. SUMMARY OF RELEVANT PORTIONS OF THIRD AMENDED COMPLAINT

Plaintiff's TAC alleges that on December 23, 2013, Plaintiff was confined at Kern Valley State Prison ("KVSP") when prison officials started harassing and fomenting rumors of "getting" Plaintiff, and targeting him because Plaintiff had filed 602 grievances, which were never logged and were returned to Plaintiff.

On October 22, 2014, Plaintiff went to school and told Officer Gomez that Plaintiff needed to get his legal copies of a motion to file with the courts. On Plaintiff's way back to the building from class due to not feeling well, Plaintiff stopped at the law library for legal copies. On the way back from the law library, Officer Gomez approached Plaintiff from behind and asked if Plaintiff was going to school. Plaintiff responded no. Officer Gomez became very upset and slammed Plaintiff against the concrete wall next to the library outside window, face-first, and twisted his arms to place them in restraints. Plaintiff felt pain on the left side of his face and his shoulders.

Officer Gomez told Plaintiff to go to the facility program holding cell area for a strip search. Plaintiff complied. After the search and still naked inside the holding cage, Officers Juarez and Fernandez took out their pepper spray and sprayed Plaintiff for 4 to 5 seconds. Plaintiff believes the officers used force out of retaliation and harassment.

Plaintiff's TAC only named defendant Biter in the list of defendants. However, at times, when Plaintiff discussed Officer Gomez, he referred to him as "Defendant Gomez." And, while plaintiff never indicated in his complaint that Sergeant Juarez or Fernandez were meant to be included as defendants, he later clarified that Gomez, Juarez, and Fernandez were meant to be included as defendants (ECF No. 20).

### IV. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants move for summary judgment on two grounds. First, Defendants argue that Plaintiff could not have exhausted his administrative remedies because he filed this lawsuit nearly two months before the relevant incidents alleged in the TAC took place. (ECF No. 81-2, p. 1). Seconds, Defendants argue that "even if the Court were to permit Plaintiff to exhaust his

administrative remedies up until filing of the Third Amended Complaint (TAC), the undisputed facts reveal that Plaintiff still did not exhaust his administrative remedies as he failed to process a relevant grievance through the Third Level of Review." (Id. at 2).

Defendants argue (and have submitted evidence) that Plaintiff only submitted one relevant grievance (KVSP-O-14-03684), and that the relevant grievance only mentions defendant Gomez. (ECF No. 81-2, p. 7). Defendants also provide evidence that Plaintiff never appealed this grievance to the third level of review. Defendants' Separate Statement of Undisputed Fact 32.

Plaintiff alleges (under penalty of perjury) that he filed a grievance on October 22, 2014, and another on November 8, 2014, but that the grievances were not processed by the appeals office until January 25, 2017. (ECF No. 87, p. 1).[2] Plaintiff attached a copy of the grievance he allegedly filed on October 22, 2014. (Id. at 6-8).

In their reply, Defendants once again argue that Plaintiff could not have exhausted his administrative remedies because he filed this lawsuit nearly two months before the relevant incidents alleged in the TAC took place. (ECF No. 88, p. 1). Defendants also argue that "Plaintiff's proffered evidence is not credible." (Id. at 2). Defendants allege that Plaintiff backdated the grievance he submitted. (Id.). According to Defendants, the assigned log number indicates that the appeal was not submitted until January 2017, and the grievance "bears no indicia of receipt by the institution at or near October 22, 2014." (Id.).

V. **ANALYSIS**

To begin, the Court notes that Plaintiff failed to properly address Defendants' statement of undisputed facts. Accordingly, the Court may consider Defendants' assertions of fact as undisputed for purposes of this motion. Fed. R. Civ. P. 56(e)(2); Local Rule 260(b).

---

[2] According to Plaintiff's first response to Defendants' motion for summary judgment, there are four relevant grievances: KVSP-O-16-0099, KVSP-O-15-00020, KVSP-O-15-02069, and KVSP-O-15-02070 (ECF No. 79, p. 1). However, the grievances Plaintiff attached to his first response do not appear to be relevant to whether Plaintiff exhausted his administrative remedies in this case. For example, one of the grievance (KVSP-O-15-02070) relates to a canceled appeal regarding Plaintiff being placed in Administrative Segregation (ECF No. 79, pgs. 2-11), while another (KVSP-O-15-02069) relates to an unclothed body search (ECF No. 79, pgs. 30-36).

As to the merits of Defendants' motion, Defendants' argument that Plaintiff could not have exhausted his administrative remedies because he filed this lawsuit two months before the relevant incidents alleged in the complaint is not persuasive. The Ninth Circuit has held that a plaintiff is allowed to include post-filing incidents in an amended complaint, so long the plaintiff exhausted his administrative remedies as to those incidents before filing the amended complaint. Akhtar, 698 F.3d 1202 (citing Rhodes 621 F.3d at 1007) ("If, however, a plaintiff files an amended complaint adding new claims based on conduct that occurred after the filing of the initial complaint, the plaintiff need only show that the new claims were exhausted before tendering the amended complaint to the clerk for filing."). See also Cano v. Taylor, 739 F.3d 1214 (9th Cir. 2014) ("Not long ago, we held that a prisoner may file an amended complaint and add new claims where the additional cause of action arose after the initial filing, as long as he has exhausted administrative remedies as to those additional claims before filing the amended complaint."). Therefore, for exhaustion purposes, it does not matter that the TAC includes an incident that occurred after the original complaint was filed, so long as Plaintiff exhausted his available administrative remedies before filing the amended complaint.

Accordingly, the issue is whether Plaintiff exhausted his available administrative remedies before filing the amended complaint.

Defendants have submitted evidence that Plaintiff did submit a grievance related to the issues in the complaint, but that the grievance only referred to one of the defendants. (See ECF No. 81-2, p. 7). Moreover, it is undisputed that California's prison grievance process was generally available, and that no grievance pertaining to the events alleged in the complaint received a decision from the third level of review.

However, Plaintiff has alleged under penalty of perjury that he submitted a grievance on October 22, 2014, and another on November 8, 2014, but that the appeals office did not process them until January 25, 2017. (ECF No. 87, p. 1). He also attached a copy of one of the grievances that was allegedly not processed until January 25, 2017. (Id. at 6-9). The Court notes that the First Amended Complaint was received by the Clerk's Office on January 9, 2015

1  (ECF Nos. 8 & 10), and that the TAC was received by the Clerk's Office on February 16, 2016
2  (ECF No. 17).

As Plaintiff has submitted evidence that prison officials improperly failed to process his grievances related to the incidents alleged in the TAC, the Court finds that there is a genuine dispute of material fact regarding whether prison officials improperly failed to process Plaintiff's grievance. Accordingly, the Court will recommend that Defendants' motion for summary judgment be denied. While Defendants may be correct that, in light of their evidence, Plaintiff's evidence is "not credible," at the summary judgment stage "[t]he evidence of the non-movant is to be believed,"[3] and the Court cannot make credibility determinations. Anderson, 477 U.S. at 255. If Defendants want the Court to make credibility determinations Defendants must request an evidentiary hearing.[4]

## VII. CONCLUSION AND RECOMMENDATIONS

The Court will recommend that Defendants' motion for summary judgment be denied because there is a genuine dispute of material fact regarding whether administrative remedies were available to Plaintiff. To the extent that Plaintiff's opposition included a motion for summary judgment, the Court will recommend that Plaintiff's motion for summary judgment be denied, without prejudice, for failure to follow local rules.

Accordingly, based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion for summary judgment (ECF No. 81) be DENIED;
2. To the extent that Plaintiff moved for summary judgment (ECF No. 87, pgs. 1-3), that Plaintiff's motion for summary judgment be DENIED without prejudice; and

---

[3] While there are some exceptions to this rule (see, e.g., Johnson v. Washington Metro. Area Transit Auth., 883 F.2d 125, 128 (D.C. Cir. 1989); Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002); Yeager v. Bowlin, 693 F.3d 1076, 1080 (9th Cir. 2012)), Defendants have not argued that any of the exceptions apply.

[4] The Court notes that, in his opposition to Defendants' motion for summary judgment, Plaintiff appears to ask for summary judgment on the issue of "executive immunity" (although it appears that Plaintiff is actually referring to qualified immunity) (ECF No. 87, pgs. 1-3). However, it is not at all clear that Plaintiff was actually attempting to file a motion for summary judgment. Moreover, even if the Court construed Plaintiff's opposition to Defendants' motion for summary judgment as also including a motion for summary judgment, Plaintiff failed to follow this Court's local rules on filing motions for summary judgment (see Local Rule 260). Accordingly, to the extent that Plaintiff moved for summary judgment, the Court will recommend that his motion be denied without prejudice for failure to follow this Court's local rules.

3. If these findings and recommendations are adopted, that Defendants be given twenty-one days from the date the order adopting is entered to request an evidentiary hearing on the issue of whether Plaintiff properly submitted grievances that prison officials improperly failed to process.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within twenty-one (21) days** after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 13, 2018**   /s/ Erin P. Grosjean
UNITED STATES MAGISTRATE JUDGE