UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO CRUZ TRUJILLO,<br><br>Plaintiff,<br><br>v.<br><br>GOMEZ, et al.,<br><br>Defendants. | Case No. 1:14-cv-01370-LJO-EPG (PC)<br><br>ORDER SETTING EVIDENTIARY HEARING AND RELATED DEADLINES<br><br>(ECF NOS. 99 & 102)<br><br>ORDER DIRECTING CLERK TO SEND A COPY OF THIS ORDER AND A COPY OF THE TELEPHONIC STATUS CONFERENCE MINUTES (ECF NO. 103) TO PLAINTIFF AT PELICAN BAY STATE PRISON |

Guillermo Trujillo ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On August 11, 2017, Defendants filed a motion for summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies. (ECF Nos. 81 & 82). Defendants' summary judgment motion was denied, but Defendants were given an opportunity to request an evidentiary hearing on the issue of whether Plaintiff properly submitted grievances that prison officials improperly failed to process. (ECF No. 99, p. 2). On April 4, 2018, Defendants filed a request for an evidentiary hearing. (ECF No. 102).

On April 17, 2018, the Court held a telephonic status conference. Counsel Derrek Lee telephonically appeared on behalf of Defendants. Plaintiff did not appear. Mr. Lee represented to the Court that Plaintiff was unable to appear because he was being transferred to Pelican Bay

1

State Prison.

As discussed on the record at the conference, the Court will hold an evidentiary hearing on the issue of exhaustion of administrative remedies on June 29, 2018, at 10:00 a.m.

Plaintiff will be given until May 11, 2018, to file a motion for the attendance of witnesses. The motion should be entitled "Motion for Attendance of Witnesses." The motion must: (1) state the name, address, and prison identification number (if any) of each witness Plaintiff wants to call; (2) explain what relevant information each witness has, and how that witness has personal knowledge of the relevant information; and (3) state whether each such witness is willing to voluntarily testify.[1]

Defendants will be given until May 18, 2018, to file their opposition, if any, to the motion. In their opposition (or separately, if Defendants have no opposition to the motion), Defendants should state whether they would prefer a video conference appearance for any inmate witnesses, and if so, whether the inmates witnesses' institution of confinement can accommodate a video conference appearance.

The Court notes that the evidentiary hearing is related only to the issue of exhaustion of administrative remedies. Accordingly, Plaintiff should only ask for the attendance of witnesses that have information relevant to the issue of exhaustion (which includes the issue of the availability of administrative remedies).

The parties will be given until June 6, 2018, to file and serve their witness lists and exhibit lists. The exhibit lists do not need to include exhibits that were submitted in support of, or in opposition to, the motion for summary judgment. However, all evidence that the parties want the

---

[1] If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, the witness must be served with a subpoena. Fed. R. Civ. P. 45. In addition, the party seeking the witness's presence must tender an appropriate sum of money for the witness. Id. In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 plus the witness's travel expenses. 28 U.S.C. § 1821.

If Plaintiff wishes to obtain the attendance of one or more unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must first notify the Court in writing of the name and location of each unincarcerated witness. The Court will calculate the travel expense for each unincarcerated witness and notify Plaintiff of the amount(s). Plaintiff must then, for each witness, submit a money order made payable to the witness for the full amount of the witness's travel expenses plus the daily witness fee of $40.00. The subpoena will not be served upon the unincarcerated witness by the United States Marshal unless the money order is tendered to the Court. Because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if Plaintiff was granted leave to proceed *in forma pauperis*.

Court to consider must be admitted into evidence at the evidentiary hearing.

Finally, as it appears that Plaintiff has been transferred to Pelican Bay State Prison, the Court will direct the Clerk of Court to send a copy of this order and a copy of the status conference minutes to Plaintiff at Pelican Bay. The Court notes that it is Plaintiff's obligation to keep the Court informed of any change of address. Local Rule 182(f).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendants' Request for Evidentiary Hearing (ECF No. 102) is GRANTED;
2. An Albino evidentiary hearing on the issue of exhaustion of administrative remedies is set before Magistrate Judge Erica P. Grosjean on June 29, 2018, at 10:00 a.m., at the Robert E. Coyle Federal Courthouse, 2500 Tulare Street, Fresno, CA 93721, in Courtroom #10;
3. Plaintiff has until May 11, 2018, to file a motion for the attendance of witnesses;
4. Defendants have until May 18, 2018, to file their opposition, if any, to the motion. In their opposition (or separately, if Defendants have no opposition to the motion), Defendants should state whether they would prefer a video conference appearance for any inmate witnesses, and if so, whether the inmates witnesses' institution of confinement can accommodate video conference appearances;
5. The parties have until June 6, 2018, to file and serve their respective witness lists (which should include the name and title of each witness they may call);
6. The parties have until June 6, 2018, to file and serve their respective exhibit lists (these lists do not need to include evidence that was submitted in support of, or in opposition to, Defendants' motion for summary judgment);
7. All evidence must be introduced at the evidentiary hearing. In issuing its findings and recommendations after the evidentiary hearing, the Court will only consider evidence that has been admitted at the evidentiary hearing; and

8. The Clerk of Court is directed to send a copy of this order and a copy of the telephonic status conference minutes (ECF No. 103) to Plaintiff at Pelican Bay State Prison.

IT IS SO ORDERED.

Dated: **April 24, 2018**

/s/ Erin P. Grosjean
UNITED STATES MAGISTRATE JUDGE